TuRNEY, J.,
delivered the opinion of the Court.
The words — “For value received, I assign, transfer, *261 and set over to James O. Gardner four thousand and thirty-two dollars of a note executed to me at Jackson, Tennessee, on 20th of September, 1860, by Smith & Hurt, and Robert B. Hurt security, for nine thousand and six hundred dollars, payable ninety days after date, upon which suit is now pending in the Circuit Court of Madison County, this 30th day of October, 1865. Jos. H. Gardner” — is a good assignment, not vitiated by similar assignments of the remainder due on the note • to other creditors, and the suit at law may be prosecuted in the name of the assignor.
By the assignments he constitutes himself trustee for the assignees, the assignees having the right to control their respective interests; and if it shall turn out that one may desire the collection by law of the note, and the other should not, the first may resort to a Court of Equity for the enforcement of his rights acquired by the assignment.
The debtor could not be subjected to various suits at the instance of the several assignees; and if suit is brought at law, it must be on the entire instrument, and in the case at bar that would be on the note.
The maxim that choses in action can not be divided or “split up” — that a debtor cannot, without a new contract and his express agreement, become a debtor of more than one, is applicable alone to Courts of Law, and is not meant to interfere with Courts of Chancery in the exercise of their general and peculiar jurisdiction in matters of trust and equitable assignment.
*262 The testimony of Jos. H. Gardner and of Major Bullock shows that notice had been given to one of the makers of the note of the assignment before the filing of the attachment bills, and that Jos. H. was the attorney in fact of his brother, James O. Jos. H. Gardner was a competent witness.
Affirm the decree. The costs of the suit at law will be paid by Smith & Hurt and R. B. Hurt, the other costs will be paid by the attaching creditors.